IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| ROGER SCOT STOKES,<br><br>Petitioner,<br><br><br><br>vs.<br><br><br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | MEMORANDUM DECISION AND ORDER DENYING AND DISMISSING PETITIONER'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY<br><br><br><br>Civil Case No. 2:07-CV-385 TS<br><br>Criminal Case No. 2:05-CR-118 TS |

This matter is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255. For the reasons discussed below, the Court will deny the Motion.

I. BACKGROUND

On February 24, 2005, Petitioner was charged, by way of a Felony Information, with Conspiracy to Defraud the United States. That same day, Petitioner entered a guilty plea to that charge. In his Statement in Advance of Plea, Petitioner agreed to waive his right to appeal and bring a collateral attack.

1

Petitioner was sentenced, on June 8, 2006, to 54 months in the custody of the Bureau of Prisons. Judgment was entered on June 13, 2006. Petitioner did not pursue direct appeal.

Petitioner timely filed the instant Motion on June 11, 2007. Petitioner argues in his Motion that his sentence was excessive in relation to his co-Defendants. Petitioner does not assert that his sentence was above the maximum penalty provided by statute or above the high-end of the guideline range.

## II. ANALYSIS

In his plea agreement,[1] Petitioner waived both his direct and collateral appeal rights as follows:

> Fully understanding my limited right to appeal my sentence, as explained above, and in consideration of the concessions and/or commitments made by the United States in this plea agreement, I knowingly, voluntarily and expressly waive my right to appeal any sentence imposed upon me, and the manner in which the sentence is determined, on any of the grounds set forth in Title 18, United States Code, Section 3742 or on any ground whatever, except I do not waive my right to appeal (1) a sentence above the maximum penalty provided in the statute of conviction as set forth in paragraph 2 above; and (2) a sentence above the high-end of the guideline range as determined by the district court at sentencing, or, in the event that no such determination is made by the district court, a sentence above the high-end of the guideline range as set forth in the final presentence report.
> I also knowingly, voluntarily and expressly waive my right to challenge my sentence, and the manner in which the sentence is determined, in any collateral review motion, writ or other procedure, including but not limited to a motion brought under Title 28, United States Code, Section 2255.[2]

"[A] waiver of collateral attack rights brought under § 2255 is generally enforceable where the waiver is expressly stated in the plea agreement and where both the plea and the

---

[1] Docket No. 6 in Case No. 2:05-CR-118 TS.

[2] *Id.* at ¶ 10.

waiver were knowingly and voluntarily made."[3]  In determining the enforceability of such waivers, the Court is to consider "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice."[4]

    1.    *Scope of Appeal Waiver*

As noted above, Petitioner signed a broad waiver of appellate rights, which included the waiver of his "right to challenge my sentence, and the manner in which the sentence is determined, in any collateral review motion, writ or other procedure, including but not limited to a motion brought under Title 28, United States Code, Section 2255."[5]  The waiver contained only two exceptions: "(1) a sentence above the maximum penalty provided in the statute of conviction as set forth in paragraph 2 above; and (2) a sentence above the high-end of the guideline range as determined by the district court at sentencing, or, in the event that no such determination is made by the district court, a sentence above the high-end of the guideline range as set forth in the final presentence report."[6]  Neither exception is present here.

Not only does this language provide for a clear, express waiver of collateral appeal rights, it also references the exact statutory provision under which this action is brought—§ 2255.  The Court detects no ambiguity whatsoever in the language.

---

[3]*United States v. Cockerham*, 237 F.3d 1179, 1183 (10th Cir. 2001).

[4]*United States v. Porter*, 405 F.3d 1136, 1142 (10th Cir. 2005) (quoting *United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc)).

[5]Docket No. 6 in Case No. 2:05-CR-118 TS.

[6]*Id*.

In the instant § 2255 Motion, Petitioner claims that his sentence was too severe. But, as noted above, he does not contend that it falls within either of the exceptions to the appeal waiver. Thus, the Court finds that Petitioner's claims are within the scope of the waiver.

2.  *Knowing and Voluntary Waiver*

The Tenth Circuit has held that it will "only enforce appeal waivers that defendants enter into knowingly and voluntarily."[7] In determining whether an appellate waiver is knowing and voluntary, the Court looks to two factors: (1) "whether the language of the plea agreement states that the defendant entered the agreement knowingly and voluntarily,"[8] and (2) whether there was "an adequate Federal Rule of Criminal Procedure 11 colloquy."[9] Further, the Supreme Court has stated that "the law ordinarily considers a waiver knowing, intelligent, and sufficiently aware if the defendant fully understands the nature of the right and how it would likely apply *in general* in the circumstances – even though the defendant may now know the *specific detailed* consequences of invoking it."[10]

First, the Court finds that the language of the plea agreement at issue here expressly states that Petitioner entered into the agreement knowingly and voluntarily. The language of the appeal waiver states that "[f]ully understanding my limited right to appeal my sentence . . . I knowingly, voluntarily and expressly waive my right to appeal any sentence imposed upon me, and the

---

[7] *Hahn*, 359 F.3d at 1328 (citing *United States v. Elliot*, 264 F.3d 1171, 1173 (10th Cir. 2001)).

[8] *Id*. at 1325 (citing *Elliot*, 264 F.3d at 1174 n.1) ("Indeed, the plea agreement, which he signed, stated that [the defendant] 'knowingly and voluntarily waive[d] the right' to appeal.").

[9] *Id.* (internal citations omitted).

[10] *United States v. Ruiz*, 536 U.S. 622, 629-30 (2002) (emphasis in original).

manner in which the sentence is determined" and further that "I also knowingly, voluntarily and expressly waive my right to challenge my sentence, and the manner in which the sentence is determined, in any collateral review motion, writ or other procedure, including but not limited to a motion brought under Title 28, United States Code, Section 2255."[11]

Next, the Court finds that there was an adequate Rule 11 colloquy conducted on the record between the Court and Petitioner.[12] The Court notes that Petitioner bears the "burden to present evidence from the record establishing that he did not understand the waiver."[13] The Petitioner has presented no evidence that his plea or the waiver was not knowingly and voluntarily entered into.

Further, in the written plea agreement, Petitioner signed his name beneath the following statements, among others: "No threats or promises of any sort have been made to me to induce me or to persuade me to enter this plea. . . . I have discussed this case and this plea with my lawyer as much as I wish to. I am satisfied with my lawyer. My decision to enter this plea was made after full and careful thought, with the advice of counsel, and with a full understanding of my rights, the facts and circumstances of the case and the consequences of the plea. I was not under the influence of any drugs, medication or intoxicants when the decision to enter the plea was made and I am not now under the influence of drugs, medication or intoxicants. I have no mental reservations concerning the plea."[14]

---

[11]Docket No. 6 in Case No. 2:05-CR-118 TS.

[12]*See* Docket No. 5 in Case No. 2:05-CR-118 TS.

[13]*United States v. Edgar*, 348 F.3d 867, 872-73 (10th Cir. 2003).

[14]Docket No. 6 in Case No. 2:05-CR-118 TS.

Considering the above, the Court finds that both Petitioner's plea of guilty and his collateral appeal waiver were "knowingly and voluntarily made."

3.  *Miscarriage of Justice*

The third prong of the appellate waiver enforcement analysis "requires the court to determine whether enforcing the waiver will result in a miscarriage of justice."[15]

> To prove that enforcement of an appellate waiver would result in a miscarriage of justice, a defendant must establish at least one of four circumstances: (1) reliance by the court upon an impermissible factor such as race in imposition of the sentence; (2) ineffective assistance of counsel in connection with the negotiation of the waiver; (3) the sentence exceeds the statutory maximum; or (4) the waiver is otherwise unlawful and seriously affects the fairness, integrity, or public reputation of judicial proceedings.[16]

Petitioner bears the burden of establishing a miscarriage of justice.[17] There is no evidence of any of the circumstances set forth above.

The Court finds that this collateral appeal is within the scope of Petitioner's waiver, that the waiver was knowing and voluntary, and that enforcing the waiver would not result in a miscarriage of justice. Therefore, this Court will enforce Petitioner's waiver.

## III.  CONCLUSION

Based upon the above, it is hereby

ORDERED that Petitioner's § 2255 Motion (Docket No. 1 in Case No. 2:07-CV-385 TS) is DENIED for the reasons set forth above. It is further

---

[15] *Hahn*, 359 F.3d at 1327 (internal citations omitted).

[16] *Porter*, 405 F.3d at 1143 (citing *Hahn*, 359 F.3d at 1327).

[17] *United States v. Anderson*, 374 F.3d 955, 959 (10th Cir. 2004).

ORDERED that, pursuant to Rule 8(a) of the Rules Governing § 2255 Cases, an evidentiary hearing is not required.

The Clerk of Court is directed to close Case No. 2:07-CV-385 TS forthwith.

SO ORDERED.

DATED   April 16, 2009.

                        BY THE COURT:

                        _____
                        TED STEWART
                        United States District Judge